IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MARY A. HART, | ) | 1:12-cv-705-PA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| PACIFIC TRUST BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BANK OF AMERICA, N.A., RECONTRUST COMPANY, N.A., NORTHWEST TRUSTEE SERVICES, INC., and FEDEARL NATIONAL MOTGAGE ASSOCIATION, | ) | |
| Defendants. | ) | |

**PANNER, J.**

Defendants move to dismiss this action challenging a completed non-judicial foreclosure sale. Defendants motion (#61) is GRANTED. This action is dismissed, with prejudice.

### Background

Plaintiff admits obtaining a loan, secured by a deed of trust, to purchase the real property at issue. (Am. Compl., 7-8.) Plaintiff admits she stopped making payments on the loan and

1 - ORDER

received prior notice of defendants' intention to foreclosure plaintiff's interest in the property via a non-judicial foreclosure sale. Plaintiff admits attending the foreclosure sale, in which the trustee stated Fannie Mae purchased the property through a credit bid. (Am. Compl., 21-22.)

Amongst other arguments, plaintiff alleges defendants failed to record all assignments of the deed of trust and that MERS lacked the authority to assign the deed of trust. Plaintiff seeks declaratory relief stating defendants violated the Oregon Trust Deed Act and that the May 14, 2012 non-judicial foreclosure "was void and of no legal effect, and did not cause a foreclosure of the fee simple ownership interests of the Plaintiff in the property." (Am. Compl. 26.)

## Standard

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id.

In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. Id. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving

2 - ORDER

party. American Family Ass'n, Inc. v. City & County of San Frncisco, 277 F.3d 1114, 1120 (9th Cir. 2002). At the pleadings stage, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, if the well-pleaded factual allegations plausibly give rise to the relief sought, a court shall deny the motion to dismiss. Iqbal, 129 S.Ct. at 1950.

### Discussion

Shortly before oral argument in this case, I issued an opinion in a case involving similar issues. See Mikityuk v. Northwest Tr. Servs., Inc., 2013 WL 3388536 (D. Or.). There, plaintiffs waited nineteen months after the sale before filing the complaint. Id. at *1. After examining both ORS 86.770(1), which states the trustee's sale "forecloses and terminates" one's property interest in certain scenarios, and the dual objectives of the Oregon Trust Deed Act, I concluded:

> The legislature provided notice and reinstatement provisions to protect grantors against the threat of wrongful foreclosure. [Staffordshire Investments, Inc., v. Cal-Western Reconveyance Corp., 209 Or. App. 528, 542 (2006).] Voiding the sale here would encourage grantors who receive notice of a sale to sit on their rights, rather than compelling grantors to bring pre-sale challenges to a trustee's sale. Grantors are wise to raise any challenges to non-judicial foreclosure proceedings, including challenges based on ORS 86.735, before the statutory presumption of finality contained in ORS 86.780. Post-sale challenges run the risk of being barred, as is the case here, because the grantors' interest in the property was "foreclosed and terminated" pursuant to ORS 86.770(1).

Mikityuk, 2013 WL 3388536 at *10.

Like the plaintiffs in Mikityuk, plaintiff's challenges to the non-judicial foreclosure sale here are barred. As plaintiff

3 - ORDER

received advance notice of the sale, her interest in the property was "foreclosed and terminated." ORS 86.770(1). As discussed in Mikityuk, the notice provisions of the Oregon Trust Deed Act reflect the legislature's intent to provide those whose property interests could be affected by a trustee's sale sufficient time to act to protect those interests before the sale. 2013 WL 3388536 at *6 (citing Staffordshire Investments, Inc. V. Cal-Western Reconveyance Corp., 209 Or. App. 528, 542 (2006); NW Property Wholesalers, LLC v. Spitz, 252 Or. App. 29, 34 (2012)).

Although plaintiff here had sufficient time to raise any of the current challenges before the sale, she chose instead to raise such challenges after the trustee's sale and recording of the trustee's deed.[1] Plaintiff's challenges to the trustee's sale are barred, as plaintiff's interest in the property was "foreclosed and terminated." Mikityuk, 2013 WL 3388536 at *10; ORS 86.770(1). For the reasons discussed in Mikityuk, this action is dismissed, with prejudice.

At oral argument, plaintiff argued recent Oregon Supreme Court opinions in Brandrup v. ReconTrust Co., 353 Or. 668 (June 6, 2013) and Niday v. GMAC Mortgage, LLC, 353 Or. 648 (June 6, 2013) support her argument that defendants' motion to dismiss should be denied. Those opinions concerned MERS and the Oregon Trust Deed Act. Brandrup and Niday, however, dealt with pre-sale

---

[1] That plaintiff filed a pro se complaint four days before the scheduled foreclosure sale does not change my conclusion here. Plaintiff's complaint contained few, if any, specific factual allegations against any of the named defendants. Plaintiff did not file the amended complaint at issue until September 2012, long after the time to challenge any sale had passed.

4 - ORDER

challenges to non-judicial foreclosure sales. Neither case affects the outcome here, where plaintiff's claims are barred due to ORS 86.770(1). See <u>Mikityuk</u>, 2013 WL 3388536 at *1 n.2.

### Conclusion

Defendant's motion to dismiss (#61) is GRANTED. This action is dismissed, with prejudice.

IT IS SO ORDERED.

DATED this 9 day of September, 2013.

*[signature]*
Owen M. Panner
United States District Judge

5 - ORDER